[Cite as *State v. Phillips*, 2016-Ohio-5194.]

STATE OF OHIO, MAHONING COUNTY
IN THE COURT OF APPEALS
SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 16 MA 0003 |
| V. | ) | |
| | ) | OPINION |
| KEITH PHILLIPS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
                             Pleas of Mahoning County, Ohio
                             Case No. 2009 CR 921

JUDGMENT:                    Affirmed

APPEARANCES:
For Plaintiff-Appellee        Paul Gains
                             Prosecutor
                             Ralph M. Rivera
                             Assistant Prosecutor
                             21 W. Boardman St. 6th Floor
                             Youngstown, Ohio 44503


For Defendant-Appellant       Keith Phillips
                             #581-830
                             Marion Correctional Institution
                             P.O. Box 57
                             Marion, Ohio 44302


JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb


                             Dated: July 26, 2016

[Cite as *State v. Phillips*, 2016-Ohio-5194.]
DONOFRIO, P.J.

{¶1} Defendant-appellant, Keith Phillips, appeals from a Mahoning County Common Pleas Court judgment denying his motion for jail time credit.

{¶2} On September 3, 2009, a Mahoning County Grand Jury indicted appellant on one count of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2)(D), with an accompanying firearm specification, and one count of having a weapon while under disability, a third-degree felony in violation of R.C. 2923.13(A)(2)(B).

{¶3} Appellant entered a guilty plea on February 3, 2010, to the charges in the indictment. The trial court sentenced appellant to five years on the felonious assault charge and five years on the having a weapon under disability charge, to run concurrently. It also sentenced him to three years on the firearm specification to be served prior to and consecutive to the other sentences for a total prison term of eight years. The court also ordered that appellant's sentence in this case was to be served concurrently with his sentence in another case (2008-CR-754). Appellant was given credit for 173 days along with future days in custody awaiting transport. Appellant did not file a direct appeal.

{¶4} On February 18, 2014, appellant filed a pro-se "motion to vacate conviction due to subject-matter jurisdiction." The trial court denied appellant's motion. Appellant appealed to this court. We treated appellant's motion as an untimely postconviction petition and affirmed the trial court's judgment. *State v. Phillips*, 7th Dist. No. 14 MA 34, 2014-Ohio-5309, ¶ 20, reconsideration denied, 7th Dist. No. 14 MA 342015-Ohio-69, ¶ 20, appeal not allowed, 143 Ohio St.3d 1405, 2015-Ohio-2747, 34 N.E.3d 133, ¶ 20, reconsideration denied, 143 Ohio St.3d 1468, 2015-Ohio-3733, 37 N.E.3d 1252, ¶ 20.

{¶5} On January 5, 2015, appellant filed a pro-se motion for jail-time credit. On December 1, 2015, the trial court overruled that motion. Appellant filed a timely notice of appeal on January 4, 2016.

{¶6} Appellant, still acting pro-se, now asserts a single assignment of error that states:

THE TRIAL COURT ERRED BY NOT DETERMINING THE NUMBER OF DAYS OF CONFINEMENT OWED AND INCLUDING THAT NUMBER INTO AN ENTRY SENT TO ORDC [sic].

**{¶7}** Appellant argues the trial court incorrectly calculated his amount of jail time credit. He claims this was plain error. Appellant asserts the trial court correctly determined the amount of days he was confined prior to sentencing. But he claims the court failed to give him credit for the days he was held after sentencing, presumably awaiting transport to prison. He also claims he was not given credit for the 90 days he spent in the county jail in case 2008-CR-754.

**{¶8}** Plaintiff-appellee, the State of Ohio, asserts appellant's assignment of error is barred by the doctrine of res judicata.

**{¶9}** Pursuant to R.C. 2967.191, the department of rehabilitation and correction shall reduce a prisoner's prison term by the total number of days the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement while awaiting transportation to the place where the prisoner is to serve the prison term. It is up to the trial court to calculate the actual number of days of jail-time credit. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7.

**{¶10}** Prior to the enactment of R.C. 2929.19(B)(2)(g)(iii), a defendant was able to challenge mathematical errors in calculating jail-time credit by filing a motion for correction with the trial court and by appealing the trial court's judgment, but if the defendant sought to challenge a legal error in the imposition of jail-time credit, he was required to file a direct appeal from the sentencing entry or be barred by the doctrine of res judicata. *State v. Mason*, 7th Dist. No. 10 CO 20, 2011-Ohio-3167, ¶ 13.

**{¶11}** But on September 28, 2012, the legislature enacted R.C. 2929.19(B)(2)(g)(iii), which provides in part:

The *sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing* in making a determination

under division (B)(2)(g)(i) of this section. The offender may, *at any time after sentencing*, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion.

(Emphasis added.)

**{¶12}** Some courts still apply the doctrine of res judicata to bar a defendant's appeal from a judgment on his motion for jail-time credit on a claim that he was denied credit due to a legal error. See, *State v. Kilgore*, 2d Dist. No. 26478, 2015-Ohio-4717. But this court has recognized that with the enactment of R.C. 2929.19(B)(2)(g)(iii), a sentencing court has continuing jurisdiction on the matter of jail-time credit errors. *State v. Norris*, 7th Dist. No. 14 MO 7, 2014-Ohio-5833, ¶ 19.

**{¶13}** Moreover, the Ohio Supreme Court recently commented on this issue in determining that a judgment denying a defendant's motion to correct jail-time credit for days spent incarcerated prior to indictment was a final, appealable order. *State v. Thompson*, Slip Opinion 2016-Ohio-2769. The Court stated:

> Prior to the enactment of R.C. 2929.19(B)(2)(g)(iii), an offender was able to seek correction of an error made in determining jail-time credit only on direct appeal. * * * Motions to correct errors made in determining jail-time credit that were filed outside the time allowed for appeal were barred by the doctrine of res judicata. * * *
>
> Pursuant to R.C. 2929.19(B)(2)(g)(iii), an offender can file a motion to correct an error in determining jail-time credit "at any time after sentencing" and the sentencing court has authority to correct any error in determining jail-time credit that was "not previously raised at sentencing."

(Internal citations omitted); *Id.* at ¶ 11-12.

**{¶14}** Thus, appellant's argument is not barred by the doctrine of res judicata as the state alleges. Therefore, we will consider the merits of appellant's argument.

{¶15} Appellant claims the trial court failed to give him credit for the days he was held in jail after sentencing.

{¶16} But the trial court's judgment specifically states that appellant is granted 173 days of jail-time credit as of the date of sentencing "along with future custody days while Defendant awaits transportation to the appropriate State institution." (February 3, 2010 Judgment Entry). Thus, the trial court ordered that appellant was entitled to credit for any days he was held in jail awaiting transportation to prison. There is no indication on the record that appellant did not receive credit for those days. All we have are appellant's self-serving statements in his appellate brief that he did not receive the proper credit.

{¶17} Appellant also claims the trial court did not give him credit for the 90 days he spent in the county jail for case 2008-CR-754.

{¶18} In its sentencing entry, the trial court stated that appellant was to serve his prison term concurrent with his sentence in case 2008-CR-754. (February 3, 2010 Judgment Entry). In case 2008-CR-754, the court sentenced appellant to 90 days in jail and five years of community control. Once again, there is no indication on the record that appellant did not receive the proper credit in this case. We cannot rely on appellant's mere allegations that he did not receive the appropriate credit.

{¶19} Accordingly, appellant's sole assignment of error is without merit.

{¶20} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Robb, J., concurs.