[Cite as *State v. Corpening*, 2019-Ohio-4833.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS.  2018-A-0094**<br>**2018-A-0095** |
| TANISHA R. CORPENING, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Ashtabula County Court of Common Pleas, Case Nos. 2014 CR 00473 and 2018 CR 00058.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Tanisha R. Corpening,* pro se, PID: W101-118, Northeast Reintegration Center, 2675 East 30th Street, Cleveland, OH  44115 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}   Appellant, Tanisha R. Corpening, appeals the October 18, 2018 and October 31, 2018 judgments of the Ashtabula County Court of Common Pleas denying her motions to correct jail-time credit in Case Nos. 2014-CR-00473 and 2018-CR-00058, respectively.  For the reasons that follow, the judgments of the Ashtabula County Court of Common Pleas are affirmed.

{¶2} In October 2014, Ms. Corpening was indicted on one count of Identity Fraud, a felony of the third-degree, in violation of R.C. 2913.49. She ultimately pleaded guilty to Attempted Identity Fraud and was sentenced, inter alia, to three years of community control and a four-month jail term in this Case No. 2014-CR-00473.

{¶3} In January 2018, Ms. Corpening was indicted on one count of Trafficking in Cocaine, a felony of the second degree, in violation of R.C. 2925.03(A)(2)(C)(4)(d); two counts of Aggravated Trafficking in Drugs, felonies of the third degree, in violation of R.C. 2925.02(A)(2)(C)(1)(b); one count of Trafficking in Marijuana with a Forfeiture Specification, a felony of the third degree, in violation of R.C. 2925.03(A)(2)(C)(3)(c); one count of Possession of Cocaine, a felony of the third degree, in violation of R.C. 2925.11(A)(C)(4)(c); two counts of Aggravated Possession of Drugs, felonies of the fifth degree, in violation of R.C. 2925.11(A)(C)(1)(a); one count of Possession of Marijuana, a felony of the fifth degree, in violation of R.C. 2925.11(A)(C)(3)(c); and one count of Possessing Criminal Tools, a felony of the fifth degree, in violation of R.C. 2923.24(A). In this Case No. 2018-CR-00058, she initially pleaded not guilty.

{¶4} Before the disposition of Case No. 2018-CR-00058, in March 2018, a complaint for violation of probation on Case No. 2014-CR-00473 was filed, to which Ms. Corpening pleaded guilty. She was sentenced to an 18-month prison term and granted 123 days of jail-time credit, "along with future custody days while the Defendant waits to be [transported] to the appropriate state institution."

{¶5} In May 2018, Ms. Corpening withdrew her not guilty plea to Case No. 2018-CR-00058 and entered a plea of guilty to count four, Trafficking in Marijuana with Forfeiture Specification; count five, Possession of Cocaine; and counts six and seven,

2

Aggravated Possession of Drugs. The remaining counts were dismissed. She was sentenced to 18 months imprisonment on count four, 18 months imprisonment on count five, 10 months imprisonment on count six, and 10 months imprisonment on count seven, all to be served concurrently along with the sentence imposed by the court for her violation of probation.

{¶6} On June 19, 2018, Ms. Corpening filed a motion to correct confinement (jail-time) credit in Case No. 2014-CR-00473. In an October 18, 2018 judgment entry, the court found that Ms. Corpening was credited with the full number of days she was requesting and overruled her motion without a hearing. Similarly, in Case No. 2018-CR-00058, on September 19, 2018, Ms. Corpening filed a motion to correct confinement (jail time) credit, which the court denied without hearing in an October 31, 2018 judgment, also finding she was credited the correct amount of jail-time credit.

{¶7} Ms. Corpening now appeals both judgments. As the appellant's briefs for each appeal addresses both underlying cases concomitantly and raise essentially the same issues, this court consolidated the appeals sua sponte. We address Ms. Corpening's three assignments of errors together. Ms. Corpening's first assignment of error states:

> {¶8} The trial court erred by not crediting the defendant the time she was incarcerated on case number 2018-CR-00058[:] 23 days of jail-time credit from the date of sentencing, May 2nd[,] 2018, until she was transported to prison on May 31st[,] 2018 because [s]he was simultaneously held in jail on another criminal case. The denial of her jail-time credit is a violation of the defendant's rights under the [E]qual Protection [C]lause of the [F]ourteenth Amendment to [t]he United States Constitution and Section 16, Article I of the Ohio Constitution.

{¶9} Ms. Corpening's second assignment of error states:

3

{¶10} The trial court erred in denying the defendant['s] [m]otion for jail-time credit.

{¶11} Ms. Corpening's third assignment of error states:

{¶12} The trial erred as a matter of law in denying defendant 170 days of jail-time credit from the date of sentencing, May 2nd[,] 2018, until she was transported to prison, May 31st[,] 2018 because she was simultaneously held in jail on another criminal case. The denial of her jail-time credit is a violation of defendant's rights [u]nder the Equal Protection Clause of the Fourteenth [A]mendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. The trial court also erred in not granting the [defendant] two days of jail-time credit that was filed with the trial court on November 13, 2018.

{¶13} In reply, the state argues that Ms. Corpening's appeals are legal arguments that must be raised on direct appeal, not mathematical or clerical errors that can be raised by motion, and thus her claims are barred by the doctrine of res judicata citing *State v. Perry,* 7th Dist. No. 12 MA 177, 2013-Ohio-4370, ¶11, as authority for this proposition. In 2016, however, the Supreme Court of Ohio held that though prior to the enactment of R.C. 2929.19(B)(2)(g)(iii) in September 2012, "[m]otions to correct errors made in determining jail-time credit that were filed outside the time allowed for appeal were barred by the doctrine of res judicata," after the enactment of the statute "an offender can file a motion to correct an error in determining jail-time credit 'at any time after sentencing' and the sentencing court has authority to correct any error in determining jail-time credit that was 'not previously raised at sentencing.'" *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶¶11, 12, quoting R.C. 2929.19.

{¶14} Moreover, in a 2014 case, *State v. Norris,* 7th Dist. Monroe No. 14 MO 7, 2014-Ohio-5833*,* the Seventh District deviated from *Perry* and acknowledged the effect that R.C. 2929.19(B)(2)(g)(iii) had on the sentencing court's continuing jurisdiction on the matter of jail-time credit errors. It further clarified this position in *State v. Phillips,* 7th Dist.

4

Mahoning No. 16 MA 0003, 2016-Ohio-5194 stating, "[s]ome courts still apply the doctrine of res judicata to bar a defendant's appeal from a judgment on his motion for jail-time credit on a claim that he was denied credit due to a legal error. * * * But this court has recognized that with the enactment of R.C. 2929.19(B)(2)(g)(iii), a sentencing court has continuing jurisdiction on the matter of jail-time credit errors." (Citation omitted.) *Phillips, supra,* at ¶12. Thus, we do not find *Perry* persuasive in this case*.*

{¶15} This court has not expressly addressed the specific question raised herein. In *State v. Harvey,* 11th Dist. Lake No. 2016-L-092, 2017-Ohio-5512, we joined the Fourth, Eighth, and Tenth District Courts of Appeal in acknowledging the continuing jurisdiction of the trial courts to reconsider jail-time credit awards per R.C. 2929.19(B)(2)(g)(iii). However, we have not had the opportunity to address the effect of R.C. 2929.19(B)(2)(g)(iii) on the distinction between clerical, mathematical, or legal error as applied to the doctrine of res judicata.

{¶16} In *State v. Dixon*, 11th Dist. Lake No. 2017-L-040, 2017-Ohio-7028, we stated in dicta, "[m]oreover, * * * [defendant] was not seeking the correction of a mere clerical error, but a substantive legal determination regarding jail-time credit." *Id.,* at ¶11, citing *State v. Marcum*, 4th Dist. Hocking No. 14CA13, 2014–Ohio–5373, ¶26. In so doing, we appear to acknowledge a distinction between clerical and legal errors as material in determining whether res judicata applies to an asserted error in jail-time credit. However, we take this opportunity to analyze this question fully. R.C. 2929.19(B)(2)(g)(iii) states the trial court retains jurisdiction of "*any* error not previously raised." *Id.* (Emphasis added.) "Any" means "all," whether errors of a clerical, mathematical, or legal nature. *See Risner v. Ohio Dept. of Nat. Resources, Ohio Div. of Wildlife,* 144 Ohio St.3d 278,

5

2015-Ohio-3731, ¶18; *State v. Copas*, 4th Dist. No. 14CA996, 2015-Ohio-5362, ¶12. Therefore, we now hereby hold that the distinction between legal error and mathematical or clerical error bears no weight on whether the doctrine of res judicata applies to a defendant's appeal of jail-time credit.

{¶17} By so holding, we agree with many of our sister districts who have had opportunity to decide this question. Subsequent to its decision in *Marcum,* the Fourth District found:

> {¶18} the dichotomy between "mathematical" and "legal" errors pre-existed the enactment of R.C. 2929.19(B)(2)(g)(iii). We also doubt that the legislature would have enacted this part of Am. Sub. S.B. 3 and intend to keep the law the same. Finally, Subpart (iii) of the statute permits a defendant to file a motion to correct "any error" in his jail-time credit determination. This Court has held that the word "any" means "all." *Cales v. Armstrong World Industries, Inc.*, 4th Dist. Scioto No. 02CA2851, 2003-Ohio-1776, 2003 WL 1798671, at ¶ 17, fn. 8. Thus, if a trial court has continuing jurisdiction to consider "any" and "all" errors, it must have continuing jurisdiction to consider both mathematical and legal errors. *State v. Copas*, 4th Dist. No. 14CA996, 2015-Ohio-5362, ¶12.

{¶19} *See also State v. Bailey,* 4th Dist. Highland No. 16CA1, 2016-Ohio-7249. Likewise, cases in the Second, Eighth, and Tenth Districts have recently held similarly. *See, e.g., State v. Ragland,* 2nd Dist. No. 2018-CA-11, 2018-Ohio-3292, ¶15 ("The determination of whether res judicata bars an appellant's post-sentencing jail-time credit claim turns not on that claim's nature as one related to 'mere mathematical or clerical error[s]' rather than 'legal determination[s],' but on whether an appellant did or did not raise the same jail-time credit issue at sentencing. * * * If the appellant did not, the doctrine of res judicata does not apply, despite the failure to raise the issue on the direct appeal of the conviction and sentence."); *State v. Quarterman*, 8th Dist. Cuyahoga No. 101064, 2014-Ohio-5796, ¶8, ("Amended R.C. 2929.19(B)(2)(g)(iii) marks a significant change in

6

the law regarding jail-time credit. Previously, inmates could only challenge errors in jail-time credit on direct appeal unless the error consisted of a mathematical mistake in calculation rather than an erroneous legal determination.* * * R.C. 2929.19(B)(2)(g)(iii) now allows the court to correct "any error," regardless of whether the error involved a mathematical miscalculation or an erroneous legal determination, i.e., whether the defendant was entitled to jail-time credit for time served in an inpatient rehabilitation facility."); *State v. Canty,* 10th Dist. Franklin No. 15AP-715, 2015-Ohio-5241, ¶9 ("Prior to the enactment of R.C. 2929.19(B)(2)(g)(iii), this court held that motions for jail-time credit were subject to the doctrine of res judicata except when the alleged calculation error was clerical or mathematical. * * * The enactment of this statute expanded the ability of a defendant to challenge an alleged jail-time credit error.").

{¶20} We find these recent decisions persuasive. We note, however, that while the doctrine does not bar an initial, post-sentence motion for jail-time credit and appeals therefrom, it does apply to successive motions regarding jail-time credit. Therefore, our holding today does not overrule our holding in *Dixon,* which appropriately applied res judicata based on successive motions. The case sub judice, however, is an appeal of the denial of Ms. Corpening's first motion to correct jail-time credit in each case. Accordingly, Ms. Corpening's appeal is not barred by the doctrine of res judicata and we evaluate her appeal on its merits.

{¶21} The record shows Ms. Corpening is now serving an 18-month prison term, less 145 days jail-time credit, on Case No. 2014-CR-00437, concurrently with a total of an 18-month prison term[1], less 18 days jail-time credit, on Case No. 2018-CR-00058.

---

1. Ms. Corpening was sentenced concurrently to two 18-months and two 10-month sentences on Case No. 2018-CR-00058.

7

{¶22} Ms. Corpening argues that because the sentences from both cases were ordered to run concurrently, the days spent in jail and credited to her on Case No. 2014-CR-00473, should also apply to her 2018-CR-00058 sentence, and that the days she spent in jail on Case No. 2018-CR-00058 should be applied to her 2014-CR-00437 sentence, for a total of 165 days jail-time credit to each sentence. In support of her argument, Ms. Corpening cites *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856 and R.C. 2967.191. We find neither supports her assertions.

{¶23} R.C. 2967.191(A) states:

{¶24} The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason **arising out of the offense for which the prisoner was convicted and sentenced**, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * *. (Emphasis added.)

{¶25} Thus, the reason for which a defendant is incarcerated is paramount in determining jail-time credit. This court has consistently held that "jail-time credit is appropriate only when the facts and circumstances giving rise to the incarceration are the result of the charge for which the offender is eventually sentenced." *State v. Struble*, 11th Dist. Lake No. 2005-L-115, 2006-Ohio-3417, ¶11. *See also State v. Smith,* 11th Dist. Geauga No. 2014-G-3185, 2014-Ohio-5076, ¶16; *State v. Moore,* 11th Dist. Ashtabula No. 2015-A-0069, 2016-Ohio-3510, ¶18. Here, Ms. Corpening's cases are unrelated: the earlier pertains to a probation violation from the underlying identity fraud conviction; the latter is a drug-related conviction. Furthermore, the two cases were heard by different judges, and decided separately. Thus, time for which she was held exclusively on 2014-CR-00473 grounds is not credited against her 2018-CR-00058 sentence and vice versa.

{¶26} Moreover, *Fugate* is distinguishable from the facts before us. In *Fugate,* the defendant was held in custody on three different charges simultaneously and was "therefore entitled to jail-time credit against each concurrent prison term." *Id.,* at ¶18. *Fugate* applies "jail-time credit toward all concurrent prison terms imposed for charges *on which an offender was held * * *.*" (Emphasis added.) *Id.,* at ¶21. In other words, the only time that may be counted as jail-time credit toward a sentence is time held on grounds related to that same sentence. Unrelated jail time may not be counted towards unrelated sentences. The Supreme Court of Ohio has recently reiterated this, stating "an offender is only entitled to credit for time spent incarcerated on the offense for which he was convicted." *State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, ¶21.

{¶27} The burden is on Ms. Corpening to establish the court erred in its jail-time award. *State v. Williams*, 10th Dist. Franklin No. 16AP-540, 2017-Ohio-5598, ¶40; *State v. Yeager*, 9th Dist. Summit Nos. 28604, 28617, 2018-Ohio-574, ¶26; *State v. Woodward,* 2d Dist. Montgomery No. 24483, 2012-Ohio-632, ¶14 ("An appellant bears the burden showing error by reference to matters in the record.")

{¶28} While the record here is unclear as to the reasons Ms. Corpening was held for the various dates she asserts, even if we were to take Ms. Corpening's assertions as true, we do not find the court erred in its application of her jail-time credit. The 122 days which Ms. Corpening is requesting to be applied to the 2018-CR-00058 case, she asserts were served between September 2015 and January 2016. By her own admission, she was held during that period in relation to Case No. 2014-CR-00473 but asks that this time be applied to her 2018-CR-00058 sentence. However, as we stated above, jail time may not be awarded to unrelated sentences. As she has not shown, nor even asserted, that

9

she was held in 2015 and 2016 on Case No. 2018-CR-00058, we find no error in the court's decision to not award those days as jail-time credit in Case No. 2018-CR-00058.

{¶29} Furthermore, the record shows she was credited the time she spent in jail awaiting transport to prison. Without further evidence to the contrary, we discern no error in the application of the jail-time credit awarded to Ms. Corpening in either case. *See State v. Gall*, 2nd Dist. Montgomery Nos. 26114, 26115, 2016-Ohio-2748, ¶15; *State v. Lowe*, 8th Dist. Cuyahoga No. 99176, 2013-Ohio-3913, ¶28.

{¶30} Accordingly, Ms. Corpening has failed to meet her burden of showing the trial court erred in its application of jail-time credit, and her assignments of error are without merit.

{¶31} In light of the foregoing, the October 18, 2018 and October 31, 2018 judgments of the Ashtabula County Court of Common Pleas are affirmed.


THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.