[Cite as *State v. Cook*, 2020-Ohio-3435.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO                  C.A. Nos.      29648

                                             29649

     Appellee                            29650

     v.

ANTOINE D. COOK           APPEAL FROM JUDGMENT
ENTERED IN THE

     Appellant                  COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.     CR 17 10 3519
                               CR 18 06 1799
                               CR 18 06 1913

DECISION AND JOURNAL ENTRY

Dated: June 24, 2020

HENSAL, Judge.

{¶1} Antoine Cook appeals three journal entries of the Summit County Court of Common Pleas that denied his motions for jail time credit. For the following reasons, this Court affirms.

I.

{¶2} In 2017, Mr. Cook pleaded guilty to aggravated possession of drugs and the trial court sentenced him to one year of community control. In 2018, Mr. Cook left the community-based correctional facility programming that he was required to attend as part of community control and a warrant was issued for his arrest. The Grand Jury also issued two additional indictments for Mr. Cook, one for escape and the other for aggravated burglary, felonious assault, aggravated drug possession, marijuana possession, and obstruction of official business.

{¶3} Mr. Cook pleaded guilty to the new offenses and to violating the terms and conditions of community control. The trial court sentenced him to two years imprisonment in both new cases, which it ordered to run consecutively. It sentenced him to 12 months in prison for violating community control, which it ordered to run concurrently with the other sentences. For his original offense, the court ordered Mr. Cook to receive 393 days of jail-time credit. For the newer cases, it ordered him to receive 177 days of jail-time credit.

{¶4} Mr. Cook did not appeal his sentences, but subsequently filed a motion for jail time credit in all three cases, arguing that he should be entitled to 393 days of credit in each case. The trial court denied his motions and Mr. Cook did not appeal. He later moved for a delayed appeal in the two newer cases, but this Court denied his motions. Mr. Cook then filed another motion for jail time credit in each case. The trial court again denied his motions, determining that it had correctly awarded jail time in each case. Mr. Cook has appealed the denial of his motions, assigning as error that he should receive 393 days of jail-time credit in all three of his cases.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION FOR ADDITIONAL JAIL TIME CREDIT, HAVING IMPOSED CONCURRENT SENTENCES IN CASE NO. CR-2017-10-3519. THE COURT FAILED TO **SUBSUME** THE DEFENDANT'S SHORTER JAIL TIME CREDIT OF 177 DAYS IN [CASE NO.(S) CR-2018-06-1799 AND CR-2018-06-1913] INTO THE LARGER AMOUNT GRANTED IN HIS CONCURRENT SENTENCE IN CR-2017-10-3519 [393 DAYS JAIL TIME CREDIT] IN VIOLATION OF HIS RIGHT TO EQUAL PROTECTION AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION.

{¶5} Mr. Cook argues that, because the trial court ordered his sentence for violating community control to run concurrently with his sentences in the two newer cases, it was required

to award him the same amount of jail time credit in all three cases. Revised Code Section 2929.19(B)(2)(g)(i) provides that, at sentencing, if a court determines that a prison term is necessary or required, it shall

> include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term * * *.

R.C. 2929.19(B)(2)(g)(i). The statute also provides that a sentencing court retains jurisdiction "to correct any error [in the calculation] not previously raised at sentencing[.]" R.C. 2929.19(B)(2)(g)(iii). "[An] offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion." *Id*. We review the denial of a motion to correct jail-time credit for an abuse of discretion. *State v. George*, 9th Dist. Medina No. 19CA0037-M, 2019-Ohio-3823, ¶ 8. An abuse of discretion occurs when the court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶6} According to Mr. Cook, there is precedent that, if an offender is sentenced to concurrent sentences, the amount of jail-time credit must be the same for each sentence. He cites to *State v. Anderson*, 191 Ohio App.3d 129, 2010-Ohio-4525 (2d Dist.), *State v. Cole*, 2d Dist. Montgomery No. 23327, 2009-Ohio-4580, and *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, in support of his argument.

{¶7} In *Fugate*, a defendant who was on community control committed burglary and theft. At a revocation hearing, he admitted that the new offenses violated his community control. The trial court sentenced him to 12 months in jail for the violation and noted a jail-time credit of

213 days. The court subsequently sentenced him to two years in prison for the new offenses, which it ordered to run concurrent to the 12-month sentence. It did not award him any jail-time credit for the new offenses. The Ohio Supreme Court explained, however, that, "when a defendant is sentenced to concurrent terms, [jail-time] credit must be applied against all terms, because the sentences are served simultaneously. If an offender is sentenced to concurrent terms, applying credit to one term only would, in effect, negate the credit for time that the offender has been held." *Fugate* at ¶ 22. It remanded the case to the trial court for an adjustment of the sentence. *Id*. at ¶ 23.

{¶8} In *Cole*, a defendant who was on community control was charged with two counts of felonious assault. He pleaded guilty to one of the new counts and admitted that it constituted a violation of his community control. The trial court imposed a one-year sentence for both the violation and the new offense, which it ordered to run concurrently. It awarded him 143 days of jail-time credit toward the violation of community control sentence and 83 days of credit toward the new offense. On appeal, the Second District held that, under *Fugate*, because the sentences were concurrent, the defendant was entitled to 143 days of jail-time credit in both cases. *Cole* at ¶ 13-14.

{¶9} In *Anderson*, the defendant was found guilty of possession of drugs in one case and failure to comply with the order of a police officer in another case. He was sentenced for both cases on the same day. In the drug case, the trial court sentenced him to a total of seven years. In the failure-to-comply case it sentenced him to one year. It also ordered the defendant to serve the sentences concurrently. Regarding jail-time credit, the court only awarded the defendant credit for the failure-to-comply case because his indictment in the drug case came after the arrest. The Second District reversed, concluding that, under *Fugate*, because the trial court imposed

concurrent sentences, the defendant was entitled to the same jail-time credit in both cases. *Anderson*, 2010-Ohio-4525, at ¶ 21.

{¶10} We believe that *Cole* and *Anderson* oversimplified *Fugate*. The Ohio Supreme Court's concern in *Fugate* was that an offender receive the full jail-time credit due for his offenses. *Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, at ¶ 21-22. One of the conditions for jail-time credit is that the prior confinement must have "ar[ose] out of the offense for which the offender is being sentenced." R.C. 2929.19(B)(2)(g)(i); R.C. 2967.191(A). If one of the sentences that a trial court imposes is for a community control violation, like in this case, it is possible that the jail-time credit for that offense will include time that the defendant was confined before originally being sentenced to community control. A defendant is not entitled to jail-time credit for time spent in confinement that was served before a later offense was committed, regardless of whether the sentences for the community control violation and the later offense are concurrent. That is why the Ohio Supreme Court in *Fugate* remanded the cause to the trial court "for an adjustment in [the] sentence" instead of simply modifying the sentence for the burglary and theft offenses to include 213 days of jail-time credit. *Fugate* at ¶ 23.

{¶11} Although not explicitly overruling *Cole* and *Anderson*, the Second District has recently recognized that a defendant may not be entitled to the same amount of jail-time credit for concurrent sentences if one of the sentences is for a community control violation and some of the credit in that case is unrelated to the new offenses. *State v. Heys*, 2d Dist. Montgomery No. 28374, 2020-Ohio-692. In *Heys*, the defendant was sentenced in 2017 to community control by a Logan County judge. In 2019, he was indicted in Montgomery County for multiple offenses. Because of the new offenses, a Logan County judge found that the defendant had violated community control. The judge sentenced the defendant to 12 months in jail and gave him 183 days of jail-

time credit. After the defendant pleaded guilty to one of the new offenses, a Montgomery County judge sentenced him to six months in jail, which it ordered to be served concurrently with the Logan County case. The judge also gave him 183 days of jail-time credit, like in the Logan County case. The State appealed, arguing that the defendant was only entitled to 3 days of credit in the Montgomery County case. The Second District recognized that a defendant's jail-time credit "does not include time that the prisoner was incarcerated by reason of a sentence previously imposed for a different offense, even if that prior sentence is one with which the present sentence is ordered to be served concurrently." *Id*. at ¶ 17, quoting *State v. Ways*, 2d Dist. Montgomery No. 25214, 2013-Ohio-293, ¶ 20. After reviewing the record for the actual amount of time the defendant had been confined related to the new offense, the Second District determined that he was entitled to 17 days of jail-time credit for that offense. *Id*. at ¶ 20.

{¶12} In this case, the trial court awarded Mr. Cook 393 days of jail-time credit in his original aggravated-possession-of-drugs case. It awarded him only 177 days of jail-time credit in his escape case and 177 days in his aggravated-burglary-and-related-offenses case. Upon review of the record, it is not clear how the trial court determined those numbers. The record does not contain a transcript of the combined sentencing hearing, which is where the parties may have discussed those calculations. Because Mr. Cook has not directed this Court to anything in the record that establishes that he spent 393 days in confinement "arising out of" the offenses he committed in 2018, we conclude that he has not demonstrated that the trial court exercised improper discretion when it denied his motions for jail-time credit. R.C. 2929.19(B)(2)(g)(i). Mr. Cook's assignment of error is overruled.

III.

{¶13} Mr. Cook's assignment of error is overruled. The judgments of the Summit County Court of Common Pleas are affirmed.

Judgments affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
CARR, J.
CONCUR.

APPEARANCES:

ANTOINE D. COOK, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.