[Cite as *State v. Lacy*, 2021-Ohio-1776.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2020-A-0041**<br>**2020-A-0042** |
| JONAH RASHUAN ERNEST LACY<br>a.k.a. JONAH LACY, | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

Criminal Appeals from the Ashtabula County Court of Common Pleas, Case Nos. 2018 CR 00144 and 2018 CR 00277.

Judgment: Affirmed.

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor*,* Ashtabula County Prosecutor's Office, 25 West Jefferson Street, Jefferson, Ohio 44047 (For Plaintiff-Appellee).

*Jonah Lacy,* pro se, A750-690, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, Ohio 44030 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Jonah Lacy, appeals from the judgments denying his motions for jail-time credit. We affirm.

{¶2} This consolidated appeal stems from two criminal cases against Lacy. In the first case, Lacy was indicted on one charge of failure to comply with the order or signal

of a police officer. In the second case, Lacy was indicted on several drug trafficking charges.

{¶3} Lacy entered guilty pleas to the failure to comply charge and to certain drug charges pursuant to plea agreements, and the remaining charges were dismissed. The trial court sentenced Lacy to 12 months of incarceration in the first case, with 23 days of jail-time credit. In the second case, the trial court sentenced him to three years of imprisonment, with no jail-time credit.

{¶4} On May 8, 2020, Lacy moved for additional jail-time credit of 184 days in each case. The trial court overruled Lacy's motions on the basis that Lacy was serving his sentence in an unrelated case during the time period he cited.

{¶5} Lacy's sole assigned error states:

{¶6} "The Trial Court erred when it abused Appellant for violating community control was erroneous because the Trial Court incorrectly calculated jail-time credit." (Sic.)

{¶7} Lacy restates his assigned error after his table of contents as follows: "The trial court erred when it abused its discretion when it denied the appellant's motion for additional jail-time credit pursuant to Fugate and Caccamo."

{¶8} R.C. 2929.19(B)(2)(g) provides, in relevant part:

> Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * *
>
> (g)(i) Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must

2

reduce the definite prison term imposed on the offender as the offender's stated prison term or, if the offense is an offense for which a non-life felony indefinite prison term is imposed under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code, the minimum and maximum prison terms imposed on the offender as part of that non-life felony indefinite prison term, under section 2967.191 of the Revised Code. The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced.

(ii) In making a determination under division (B)(2)(g)(i) of this section, the court shall consider the arguments of the parties and conduct a hearing if one is requested.

(iii) The sentencing court retains continuing jurisdiction to correct any error *not previously raised at sentencing* in making a determination under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay. Sections 2931.15 and 2953.21 of the Revised Code do not apply to a motion made under this section.

* * *

(Emphasis added.); *see also State v. Corpening*, 11th Dist. Ashtabula Nos. 2018-A-0094 & 2018-A-0095, 2019-Ohio-4833, 137 N.E.3d 116, ¶ 19, quoting *State v. Quarterman*, 8th Dist. Cuyahoga No. 101064, 2014-Ohio-5796, ¶8 (statute as amended in 2012 "'mark[ed] a significant change in the law regarding jail-time credit'").

{¶9} Here, the court's sentencing entries note that Lacy was to receive 23 days jail-time credit in the first case and no jail-time credit in the second case "as agreed to by counsel." This language suggests that counsel for the state and for Lacy stipulated to the

3

calculated amount of jail-time credit. Regardless, the records do not contain transcripts of the sentencing hearings, precluding our review of this issue.

{¶10} Although R.C. 2929.19(B)(2)(g)(iii) "allows a defendant to raise an issue regarding his jail-time credit in a post-conviction motion," he can do so "only when the issue was not considered during the sentencing hearing. If an issue was raised and considered at the time the trial court rendered its original credit ruling, it cannot be asserted again in a motion for additional credit." *State v. Guiterres*, 11th Dist. Trumbull No. 2015-T-0116, 2016-Ohio-5572, ¶ 15, citing *State v. Smith*, 10th Dist. Franklin Nos. 15AP-209 & 15AP-214, 2015-Ohio-4465, ¶ 9. "Moreover, in moving for an additional credit, the defendant has the burden of demonstrating that their argument was not previously considered at sentencing." *Guiterres* at ¶ 15, citing *Smith* at ¶ 10.

{¶11} Because the records do not contain transcripts of the sentencing hearings, Lacy cannot demonstrate whether the issue of jail-time credit that he now raises was considered at sentencing. "On this basis alone, the substance of [Lacy]'s argument cannot be addressed, and his sole assignment is without merit." *Guiterres* at ¶ 16.

{¶12} Accordingly, the judgments are affirmed.


MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

4