[Cite as *State v. Dammons*, 2022-Ohio-2387.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

       Plaintiff-Appellee,

- v -

DEVONTE Q. DAMMONS,

       Defendant-Appellant.

CASE NO. 2021-L-117

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 000586

## O P I N I O N

Decided: July 11, 2022
Judgment: Affirmed

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Devonte Q. Dammons,* pro se, PID# A782-701, Lake Erie Correctional Institution, P.O. Box 8000, Conneaut, OH 44030 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Devonte Q. Dammons, pro se, appeals the October 21, 2021 judgment of the Lake County Court of Common Pleas denying his motion for jail-time credit. For the reasons set forth herein, the judgment is affirmed.

{¶2} Appellant was indicted in April 2021 on three counts Possession of Cocaine, Aggravated Possession of Drugs, Trafficking in Cocaine, and Attempted Tampering with Evidence. Appellant ultimately entered a plea of guilty to Count One, Possession of Cocaine in violation of R.C. 2925.11(A), a felony of the fourth degree, with a forfeiture

specification; and Count Two, Attempted Tampering with Evidence in violation of R.C. 2923.02 and R.C. 2921.12(A)(1), a felony of the fourth degree. The court accepted the guilty pleas, convicted him, and nolled the remaining counts.

{¶3} At the August 9, 2021 sentencing hearing, appellant was sentenced to 17-months imprisonment on each count to be served concurrently. He was credited with 41 days jail-time credit for time served. On September 27, 2021, appellant pro se filed a "Motion for Jail Time Credit." The state responded, and the court denied the motion on October 21, 2021.

{¶4} This appeal followed. Appellant assigns one error for our review, which states:

{¶5} Appellant's Constitutional right to equal protection of law was violated where he was not credited with all the days he was confined in lieu if bail while awaiting trial and while awaiting transportation to the place where he was to serve his sentence.

{¶6} A trial court's denial of a motion to correct jail-time credit is reviewed under an abuse of discretion standard. *State v. McClafferty*, 11th Dist. Geauga No. 2020-G-0238, 2020-Ohio-3238, ¶32. An abuse of discretion is the trial court's "failure to exercise sound, reasonable, and legal decision-making." *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary 11 (8th Ed.Rev.2004).

{¶7} It is well established that the reason for which a defendant is incarcerated is paramount in determining jail-time credit. As this court has repeatedly noted, "'jail-time credit is appropriate only when the facts and circumstances giving rise to the incarceration are the result of the charge for which the offender is eventually sentenced.'" *State v. Corpening*, 11th Dist. Ashtabula Nos. 2018-A-0094 and 2018-A-0095, 2019-Ohio-4833, ¶25, quoting *State v. Struble*, 11th Dist. Lake No. 2005-L-115, 2006-Ohio-3417, ¶11. "In

2

other words, the only time that may be counted as jail-time credit toward a sentence is time held on grounds related to that same sentence. Unrelated jail time may not be counted towards unrelated sentences." *Corpening, supra,* at ¶26. *See also State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, ¶21 ("[A]n offender is only entitled to credit for time spent incarcerated on the offense for which he was convicted.").

{¶8}    Preliminarily, it is undisputed that appellant was arrested in this matter on December 26, 2020 and posted bail on December 28, 2020.  On appeal, appellant argues that he is owed additional jail-time credit for the period he was rearrested on January 30, 2021 and remained in the custody of the Lake County Sheriff Department until he was delivered to the custody of the Ohio Department of Rehabilitation and Correction ("ODRC") on August 25, 2021 to begin serving this sentence.  In all, on appeal, appellant requests a total of 211 days jail-time credit.  This differs from his motion for jail-time credit in the court below, which argues that he is owed for time held February 2, 2021 to August 9, 2021, the day he was sentenced.

{¶9}    The state's reply in the lower court also appears contrary to its contention on appeal.  In response to appellant's motion in the lower court, the state argued that appellant was granted three days jail-time credit for December 26, 2020 through December 28, 2020, and 38 days jail-time credit for February 2, 2021 to March 10, 2021. The remainder of the time, the state asserts, and the trial court found, appellant was being held on an unrelated Willoughby Municipal Court case.  Specifically, it is averred that appellant was arrested on January 30 and held until he posted bail February 2, 2021 on the unrelated Willoughby case, and that he was sentenced in that unrelated case on

3

March 10, 2021, after which time, he was serving time on that case. Appellant has not at any time in the record before us disputed this assertion.

{¶10} However, on appeal, the state seems to assert that appellant is not owed credit for the period from February 2, 2021 to March 10, 2021 because appellant was not indicted in the present case until April 30, 2021, after he had begun to serve his sentence in the unrelated Willoughby case. It further asserts that appellant continued to serve the unrelated sentence during the trial court proceedings in this case. On appeal, the state does not specify which days it believes appellant should be credited.

{¶11} Ultimately, the burden is on appellant to establish the court erred in its jail-time award. *Corpening, supra,* ¶27. "Further, '"[i]f the appellant has failed to demonstrate error and no miscalculation in the jail-time credit is apparent from the record, any claimed error must be overruled."'" *State v. Myers*, 10th Dist. Franklin Nos. 19AP-178 and 19AP-180, 2019-Ohio-4592, ¶16, quoting *State v. Churchill*, 10th Dist. Franklin No. 16AP-763, 2017-Ohio-2875, ¶15, quoting *State v. Thomas*, 10th Dist. Franklin No. 12AP-144, 2012-Ohio-4511, ¶9.

{¶12} From the limited record before us, we are unable to determine how the trial court calculated jail-time credit; however, we find no apparent miscalculation of jail-time credit. Moreover, appellant has not directed this court to anything in the record that establishes the time he spent in confinement was related to the underlying case. Nor has appellant attempted to dispute the trial court's finding, and the state's contention, that he was arrested on an unrelated case and held on that unrelated case for at least part of the time during the pendency of this case. Accordingly, we find that appellant has failed to meet his burden of demonstrating the trial court erred in denying his motion for jail-time

4

credit and overrule appellant's sole assigned error. *See State v. Cook,* 9th Dist. Summit Nos. 29648, 29649, and 29650, 2020-Ohio-3435, ¶12.

{¶13} For the reasons set forth herein, the judgment of the Lake County Court of Common Pleas is affirmed.


MARY JANE TRAPP, J., concurs,

THOMAS R. WRIGHT, P.J., concurs in judgment only.

Case No. 2021-L-117