[Cite as *State v. Haendel*, 2017-Ohio-5775.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-T-0006** |
| SCOTT MICHAEL HAENDEL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2012 CR 00689.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Scott Michael Haendel,* pro se, PID: A634-977, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Scott Micael Haendel appeals from the judgment entry of the Trumbull County Court of Common Pleas, denying his motion for jail time credit. Finding no error, we affirm.

{¶2} Mr. Haendel was arrested September 10, 2012, after he burgled one of his former wive's home; set it on fire; and burnt down her barn. October 30, 2012, the

Trumbull County Grand Jury returned an indictment in three counts against him, including one for aggravated arson, a felony of the first degree, one for aggravated arson, a felony of the second degree, and one for burglary, a felony of the third degree. January 28, 2013, a change of plea hearing was held. On an amended indictment, Mr. Haendel pled guilty to one count of aggravated arson, a felony of the first degree, and one count of burglary, a felony of the third degree. The second degree aggravated arson count was nolled. The trial court proceeded immediately to sentencing. Mr. Haendel received five years for the aggravated arson, and 30 months for the burglary, the terms to run concurrently. The trial court ordered that he receive jail time credit commencing September 10, 2012, the day of his arrest.

{¶3} December 22, 2016, Mr. Haendel filed his motion for jail time credit. In it he did not dispute the amount of jail time credit he had received – 158 days – but rather, speculated the trial court had only applied it to the arson count. The trial court denied the motion January 5, 2017, and Mr. Haendel timely noticed appeal, assigning three errors:

{¶4} "[1] The trial court erred when it refused to apply appellant's jail-time credit to all non-mandatory prison terms.

{¶5} "[2] The trial court erred when it failed to credit appellant's 158 days to each stated prison term in accordance to R.C. 2967.191.

{¶6} "[3] The sentence of the trial court violates the Equal Protection Clauses under the state and federal constitutions."

{¶7} Being interrelated, we consider the assignments of error together.

2

{¶8} "The power to determine the amount of jail credit an offender shall receive is generally within the purview of the trial court. *State v. Struble,* 11th Dist. No. 2005-L-115, 2006-Ohio-3417, at ¶9. The trial court's calculation may only be reversed for plain error. *Id.*" *State v. Ashley*, 11th Dist. Lake No. 2006-L-134, 2007-Ohio-690, ¶32. The practice of awarding jail time credit is rooted in the Equal Protection Clauses of the state and federal constitutions, which do not tolerate that defendants unable to make bail receive more jail time than those who can. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶7. The principle is codified at R.C. 2967.191, which provides, in pertinent part:

{¶9} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *[.]"

{¶10} On appeal, as in the trial court, Mr. Haendel speculates the trial court only applied his 158 days of jail time credit against his term of imprisonment for aggravated arson. We respectfully do not know why he believes this. Nothing in the judgment entry of sentence indicates it. Further, as Mr. Haendel points out himself, he receives credit against both of his terms of imprisonment by operation of law. Ohio Adm. Code 5120-2-04 provides, in pertinent part: "(F) If an offender is serving two or more sentences, stated prison terms or combination thereof concurrently, the department shall independently reduce each sentence or stated prison term for the number of days

3

confined for that offense." *See also Fugate*, *supra*, at ¶12 ("[W]hen concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held.") [1]

{¶11} The assignments of error lack merit.

{¶12} The judgment of the Trumbull County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.

---

1. We note, with interest, that Mr. Haendel is due to be released from prison July 25, 2017.