[Cite as *State v. Dorazio*, 2023-Ohio-3126.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

DANIEL D. DORAZIO,

        Defendant-Appellant.

CASE NO. 2023-A-0014

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2018 CR 00517

# O P I N I O N

Decided: September 5, 2023
Judgment: Affirmed in part, reversed in part, and remanded

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Christine Davis*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*James R. Eskridge*, Megargel Eskridge & Mullins, 231 South Chestnut Street, Ravenna, OH 44266 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Appellant, Daniel D. Dorazio, appeals the trial court's denial of his request for jail time credit. He asserts that he is entitled to jail time credit for time spent incarcerated prior to his conviction and sentence. For the following reasons, we reverse the trial court's decision and remand for further proceedings consistent with this opinion.

{¶2} On August 15, 2018, the Ashtabula County Grand Jury indicted appellant in Case No. 2018 CR 517 ("Ashtabula County Case") on the following charges: Illegal Manufacture of Drugs, a first degree felony in violation of R.C. 2925.04(A)(C)(3)(b) (Count 1); Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a second

degree felony in violation of R.C. 2925.041(A)(C)(2) (Count 2); and Possessing Criminal Tools, a fifth degree felony in violation of R.C. 2923.24(A) (Count 3).

{¶3} Appellant was arrested over six months later in Lake County on February 18, 2019. He was arrested on the Ashtabula County warrant and a separate warrant regarding child support.

{¶4} The following day, a Complaint for separate and unrelated charges was filed in Lake County Court of Common Pleas Case No. 2019 CR 207 ("Lake County Case"). Appellant did not post bond in the Lake County Case. Five months later, on July 18, 2019, appellant entered a plea of guilty in the Lake County case and was sentenced to five (5) years imprisonment. Appellant was given 148 days of jail time credit from the date of the filing of the Lake County Complaint to the date of his sentencing in that case.

{¶5} On August 14, 2019, appellant's notice of place of imprisonment and his request for disposition of pending indictments was filed in the Ashtabula County Case. He was subsequently arraigned on October 4, 2019, and bond was set at $100,000.00 cash or surety. He did not post bond.

{¶6} On November 7, 2019, pursuant to a plea agreement, appellant entered a guilty plea to Illegal Manufacture of Drugs, a first degree felony in violation of R.C. 2925.04(A)(C)(3)(b). The remaining counts of the Ashtabula County indictment were dismissed. The trial court accepted Dorazio's plea and proceeded directly to sentencing.

{¶7} The trial court imposed the jointly recommended mandatory sentence of five (5) years and ordered the sentence to be served concurrently to the sentence he was serving in the Lake County Case. Appellant received no jail time credit in the Ashtabula County Case.

2

{¶8} Appellant timely appeals and raises the following assignments of error:

{¶9} [1] "The trial court erred by denying appellant's motions for jail-time credit from the date of his arrest, February 18, 2019, through his sentencing, November 13, 2019."[1]

{¶10} [2] "The trial court erred by denying appellant's motions for jail-time credit without holding a hearing as required by R.C. 2929.19(G)(2)(g)(ii)."[2]

{¶11} R.C. 2929.19(B)(2)(g)(iii) states in pertinent part:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination [of jail-time credit] under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion.

{¶12} Thus, a trial court's denial of a motion to correct jail-time credit is reviewed under an abuse of discretion standard. *State v. McClafferty*, 11th Dist. Geauga No. 2020-G-0238, 2020-Ohio-3238, ¶32. *Accord State v. Dammons*, 11th Dist. Lake No. 2021-L-117, 2022-Ohio-2387, ¶ 6.

{¶13} An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* (8th Ed.2004).

{¶14} Appellant seeks additional jail time credit for the time he served in the Lake County Jail from the date of his arrest on the Ashtabula County warrant on February 18,

---

1. Upon review of the record, this Court considers this assignment of error to arise from Appellant's arrest on February 18, 2019 to the date of Appellant's sentencing in Ashtabula County on November 7, 2019.
2. The Court considers this assignment of error to be raised pursuant to 2929.19(B)(2)(g)(ii)."

3

2019, until the date he was sentenced in the Ashtabula County Case on November 7, 2019.

{¶15} R.C. 2967.191(A) provides in relevant part:

> The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined *for any reason arising out of the offense* for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * *. (Emphasis added.).

{¶16} In other words, "jail-time credit is appropriate only when the facts and circumstances giving rise to the incarceration are the result of the charge for which the offender is eventually sentenced." *State v. Struble*, 11th Dist. Lake No. 2005-L-115, 2006-Ohio-3417, ¶ 11.

{¶17} The Ohio Supreme Court has explained that a defendant held on bond is not entitled to jail-time credit for presentence detention "if, during the same period of time, he is serving a sentence on an unrelated case." *State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, 124 N.E.3d 811, ¶ 4. See *Struble* at ¶ 11 ("there is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter").

{¶18} The parties agree that appellant began serving a sentence on the Lake County Case on July 18, 2019. Therefore, appellant is not entitled to jail time credit in the Ashtabula County case for time incarcerated as a result of the sentence imposed by Lake County in an unrelated case. *Cupp, supra,* at ¶ 4. In other words, appellant is not entitled

4

Case No. 2023-A-0014

to any credit from the date he was sentenced in the Lake County case to the date he was sentenced in the Ashtabula County Case (July 18, 2019 to November 7, 2019).

{¶19} We must next consider if appellant is entitled to any credit from the date of his arrest on the indictment in the Ashtabula County Case to the date he was sentenced in the Lake County Case (February 18, 2019 to July 18, 2019).

{¶20} "Whether jail-time credit accrues simultaneously when a defendant is in pretrial confinement on multiple cases ordinarily depends on whether he receives concurrent or consecutive sentences." *State v. Chester*, 11th Dist. Portage No. 2022-P-0060, 2023-Ohio-2122, ¶ 22 citing *State v. Steinmetz*, 2d Dist. Greene No. 2019-CA-40, 2020-Ohio-1145, ¶ 11. "A defendant may accrue jail time credit in multiple cases at the same time, if he or she is held in pretrial confinement in multiple cases simultaneously." *Steinmetz, supra*, ¶ 11. The Second District Court of Appeals clarified: "'[w]here a later-sentencing court makes its sentence concurrent with an earlier sentence, a defendant is entitled to jail-time credit in both cases *for any time that he was held in pretrial confinement on both cases simultaneously*.'" (Citations omitted). (Emphasis added). *Steinmetz*, ¶ 12.

{¶21} The trial court docket reflects that an arrest warrant was issued for appellant on the charges in the Ashtabula County indictment on August 15, 2018. Both appellant and appellee, the State of Ohio, agree that appellant was arrested on the Ashtabula County warrant on February 18, 2019. There is no notation on the trial court docket regarding Appellant's arrest or return on the warrant until appellant's notice of place of imprisonment and his request for disposition of pending indictments.

5

Case No. 2023-A-0014

**{¶22}** Nearly eight months after his arrest on the warrant, appellant was arraigned on October 4, 2019. At arraignment, the trial court set bond at $100,000.00 cash or surety, which appellant did not post. There is nothing in the record to suggest that appellant was released or that the warrant was recalled during the period of incarceration from appellant's arrest until the imposition of the sentence by Lake County.

**{¶23}** In the judgment entry denying appellant's motion for jail time credit, the trial court indicated that appellant was served the indictment on October 4, 2019, the date of his arraignment, and that he was given no jail time credit:

> The defendant was given credit for no jail time credit in this case, due to the fact that he had been serving a previously imposed prison sentence *during the entire time this case was pending*. Had the defendant not been serving a previous prison sentence he would be eligible for jail time credit from service of the indictment until the sentencing date, October 4, 2019 to November 7, 2019, for a total of thirty-four days. (Emphasis added).

**{¶24}** This Court notes that appellant did not begin serving his prison sentence arising out of Lake County until July 18, 2019. This Court has consistently calculated jail time credit from the date of arrest until the defendant is released, released on bond, or is sentenced. See *State v. White*, 11th Dist. No. Trumbull No. 2021-T-0055, 2022-Ohio-2630, ¶ 21, *State v. Haendel*, 11th Dist. Trumbull No. 2017–T–0006, 2017-Ohio-5775, ¶ 2; *State v. Smith*, 11th Dist. Lake No. 2016–L–107, 2017-Ohio-4124, ¶ 13.

**{¶25}** R.C. 2967.191(A) makes clear that an individual is entitled to a reduction of their sentence "by the total number of days that the prisoner was confined *for any reason* arising out of the offense for which the prisoner was convicted and sentenced." (Emphasis added). As such, jail time credit would necessarily begin to accrue when a criminal defendant is arrested and confined on the underlying criminal charges. Therefore, had

6

appellant not been serving a sentence in the Lake County Case, appellant would have been entitled to jail time credit from the date of his arrest until released on bond or until the date of his sentencing in the Ashtabula County Case.

{¶26} A review of the record demonstrates that appellant was held, at least in part, on the Ashtabula County warrant beginning on February 18, 2019, when he was arrested. At oral arguments, the state conceded that appellant is entitled for credit for the date of his arrest on the Ashtabula County warrant. Therefore, appellant would be entitled to jail time credit for, at a minimum, a single day. It is on these grounds that this Court determines that the trial court abused its discretion when it denied appellant's motion for jail time credit and concluded appellant was not entitled to any days of jail time credit.

{¶27} While the record before us is sufficient to determine that the trial court abused its discretion in denying appellant's motion for jail time credit, the record is insufficient for this Court to determine the appropriate amount of jail time credit. There is no indication in the record that the warrant was recalled. However, it is clear that appellant was not given an opportunity to post bond in the Ashtabula County case until after Lake County had sentenced him. Appellant is entitled to any time he was confined on the underlying charges in the Ashtabula County Case which may include the entire period of confinement from appellant's arrest until the date of appellant's sentencing in Lake County to wit: 149 days.

{¶28} Accordingly, under the circumstances of this case, the Court finds appellant's first assignment of error has merit.

{¶29} In appellant's second assignment of error, appellant alleged that the trial court erred by failing to hold a hearing on the motion for jail time credit. We disagree.

7

{¶30}   There is no statutory provision that mandates a trial court to hold a hearing on post-sentencing motions for jail time credit. Just as the decision to grant or deny a motion is within the trial court's discretion, the decision to hold a hearing on that motion is also at the trial court's discretion. R.C. 2929.19(B)(2)(g)(iii). While we conclude that the trial court abused its discretion in denying the motion for the reasons set forth above, this Court does not conclude that it was an abuse of discretion to decide the motion without a hearing.

{¶31}   Therefore, appellant's second assignment of error is without merit.

{¶32}   For the reasons discussed in this opinion, the judgment of the Ashtabula County Court of Common Pleas is affirmed in part and reversed in part as to the calculation of jail time credit. The case is remanded to the trial court to determine the appropriate amount of jail time credit to which appellant is entitled.

JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.

8