[Cite as *State v. Heidelburg*, 2023-Ohio-3408.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio

        Appellee

v.

Emmanuel Heidelburg

        Appellant

Court of Appeals No. S-23-002
S-23-005

Trial Court No.  2022CR0837
2022CR0345

**<u>DECISION AND JUDGMENT</u>**

Decided:  September 22, 2023

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Otero, Assistant Prosecuting Attorney, for appellee.

Loretta Riddle, for appellant.

* * * * *

**ZMUDA, J.**

## I.     Introduction

**{¶ 1}** In this consolidated appeal, appellant, Emmanuel Heidelburg, appeals the

January 25, 2023 judgment of the Sandusky County Court of Common Pleas sentencing

him to a 9-month prison term in which appellant pled guilty to the failure to comply with

an order or signal of a police officer. Appellant also appeals the judgment of the Sandusky County Court of Common Pleas issued in a second case on January 25, 2023 sentencing him to a four-to-six-year prison term after appellant pled guilty to one count of burglary and one count of breaking and entering. For the following reasons, we affirm the trial court's judgments.

## A. Facts and Procedural Background

{¶ 2} In case No. 22CR345, appellant was indicted on May 20, 2022 on one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), a third-degree felony; and one count of obstructing official business in violation of R.C. 2921.31(A)(B), a fifth-degree felony. The first charge arose from a March 12, 2022 incident in which appellant was driving a vehicle and ignored a signal from a Fremont Police Department Officer to stop, and instead sped away through a residential neighborhood. The second charge arose following an April 15, 2022 incident in which appellant ran away from a Fremont Police Department Officer attempting to serve a warrant on appellant. On August 26, 2022, appellant pled guilty to failure to comply with an order or signal of a police officer in exchange for the state's dismissal of the second charge.

{¶ 3} On September 23, 2022, appellant was indicted in the second case, case No. 22CR837, on one count of burglary in violation of R.C. 2911.12(A)(2)(D), a second-degree felony; one count of tampering with evidence in violation of R.C.

2.

2921.12(A)(1)(B), a third-degree felony; one count of theft in violation of R.C. 2913.02(A)(1)(B)(2), a first-degree misdemeanor; one count of breaking and entering in violation of R.C. 2911.13(A)(C), a fifth-degree felony; and one count of vandalism in violation of R.C. 2909.05(B)(2)(E), a fifth-degree felony. The charges in the second case arose from a September 9, 2022 incident in which appellant allegedly broke into a private residence and took several items, destroyed the resident's security cameras, and forcibly removed the GPS locator bracelet he was required to wear. On January 3, 2023, appellant pled guilty to burglary as well as breaking and entering in exchange for the prosecution's dismissal of the remaining charges.

{¶ 4} The trial court held a sentencing hearing for both cases on January 18, 2023 and issued sentencing entries for both cases on January 25, 2023. In case No. 22CR345, the court imposed a 9-month prison term and granted appellant 197 days of jail-time credit "up to and including the date of sentencing and excluding conveyance time." In case No. 22CR837, the trial court sentenced appellant to an aggregate minimum term of four to a maximum of six years, granting appellant 131 days of jail-time credit "up to and including the date of sentencing and excluding conveyance time."

## B. Assignment of Error

{¶ 5} Appellant timely appealed and asserts the following error for our review:

The trial court's denial of jail time credit for any conveyance time, is contrary to law.

3.

## II.    Law and Analysis

{¶ 6} In his single assignment or error, appellant argues that the trial court's sentencing entry denied appellant jail-time credit for conveyance time. Appellant further argues that the Department of Rehabilitation and Correction (ODRC) may interpret the trial court's sentencing entry as denying jail-time credit for his conveyance time. In support of his argument, appellant cites R.C. 2929.19(B)(2)(g)(i), which requires a trial court to take certain actions in imposing sentences, including the following:

> Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the [offender's prison term].

Appellant argues, without authority, that because the trial court's sentencing entries do not quote the statute verbatim—the entries use the conjunction "and" between the phrases "including the sentencing date" and "excluding the conveyance time" rather than the conjunction "but"—the ODRC may interpret the sentencing entries as orders denying jail-time credit for appellant's conveyance time. As a result, appellant argues that his cases should be remanded for resentencing.

4.

**{¶ 7}** The state, in response, notes that a trial court's jurisdiction to order jail-time credit ends at sentencing, and therefore only the ODRC may credit an offender for conveyance time. The state further argues that even if the sentencing entry did miscalculate the appellant's jail-time credit, a trial court's error in calculating jail-time credit does not render appellant's sentence void or voidable.

**{¶ 8}** A trial court's jurisdiction to grant jail-time credit is limited to the days the offender served leading up to sentencing as well as the day of the sentencing hearing. R.C. 2929.19(B)(2)(g)(i). After the date of sentencing, the ODRC takes over, and the ODRC is statutorily required to give jail-time credit to an offender for, among other things, "confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." R.C. 2967.191(A). Likewise, the regulation governing jail-time credit directs the ODRC to give jail-time credit for days an offender served "between the date of the sentencing entry and the date committed to the department" in addition to the days specified in the sentencing entry. Ohio Adm.Code 5120-2-04. Accordingly, jail-time credit for conveyance time is calculated by the ODRC independent of the sentencing entry. *State v. Davis*, 2d Dist. Montgomery No. 27495, 2018-Ohio-4137, ¶ 14. *See also State v. Reed*, 2d Dist. Clark No. 2022-CA-28, 2023-Ohio-2612, ¶ 15.

**{¶ 9}** Here, appellant's sole basis of appeal concerns his conveyance-time credit. The sentencing entries both gave appellant jail-time credit for his time served "up to and

including the date of sentencing and excluding conveyance time." The trial court's exclusion of appellant's conveyance time in its calculation of jail-time credit was proper because the trial court did not have jurisdiction to grant credit for conveyance time. Further, the sentencing entries' use of "and" rather than "but" in front of "excluding conveyance time" has no effect on ODRC's obligation to give appellant credit for his conveyance time.[1] Accordingly, appellant's single assignment of error is found not well-taken.

### III.    Conclusion

{¶ 10} For these reasons, we find appellant's assignment of error not well-taken and we affirm the January 25, 2023 judgments of the Sandusky County Court of Common Pleas.

{¶ 11} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

---

[1] If appellant's concern that the ODRC will miscalculate his release date by failing to give conveyance-time credit later comes to fruition, the appropriate mechanism for a recalculation of his release date is to file a declaratory action. *See Hinton v. Ohio Bureau of Sentence Computation*, 2018-Ohio-237, 105 N.E.3d 457 (10th Dist.); *State ex rel. Earl v. Shafer,* 85 Ohio St.3d 370, 708 N.E.2d 714 (1999); *Nicholson v. North Central Correctional Institution,* 3d Dist. No. 9-02-44, 2003-Ohio-303.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                            _____
                                                                       JUDGE

Gene A. Zmuda, J.

Myron C. Duhart, P.J.                   _____
CONCUR.                                                                         JUDGE

                                                             _____
                                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.