[Cite as *State v. Little*, 2026-Ohio-785.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NOS. 2025-P-0038 |
| | 2025-P-0039 |
| Plaintiff-Appellee, | |
| | |
| - vs - | Criminal Appeals from the |
| | Court of Common Pleas |
| ANGEL LITTLE, | |
| | |
| Defendant-Appellant. | Trial Court Nos. 2022 CR 00323 C |
| | 2021 CR 00659 |

## OPINION AND JUDGMENT ENTRY

Decided: March 9, 2026
Judgment: Affirmed

*Connie J. Lewandoski*, Portage County Prosecutor, and *Kristina K. Reilly*, Portage County Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*John P. Laczko*, Portage County Public Defender, and *Joseph M. Messuri*, Assistant Public Defender, 209 South Chestnut Street, Suite 400, Ravenna, OH 44266 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1}     Defendant-appellant, Angel Little ("Little"), appeals from the judgments of the Portage County Court of Common Pleas, denying his motions for additional jail-time credit.

{¶2}     Upon review, we conclude that the trial court's calculation of jail-time credit was appropriate and that Little was not entitled to additional credit. Little received consecutive sentences for an aggregate sentence of 5 to 6½ years. When consecutive sentences are imposed, the total amount of jail-time credit is applied only once. Little was

entitled to 408 days of jail-time credit, which was awarded by the trial court at the time of sentencing. As the trial court awarded the appropriate amount of jail-time credit, the trial court did not abuse its discretion when it denied Little's motions for additional jail-time credit.

{¶3} Accordingly, the judgments of the Portage County Court of Common Pleas are affirmed.

## Substantive and Procedural Facts

{¶4} On July 15, 2021, the Portage County Grand Jury returned a two-count indictment charging Little with aggravated trafficking in drugs, a felony of the second degree, in violation of R.C. 2925.03, and aggravated possession of drugs, a felony of the second degree, in violation of R.C. 2925.11, in Case No. 2021 CR 00659. Little was processed by the jail and released on July 16, 2021. On July 19, 2021, Little pleaded not guilty at arraignment and the bond initially imposed in Portage County Municipal Court in Case No. 2021 CRA 1477R was transferred to the instant case and continued.

{¶5} A capias was subsequently issued on November 30, 2021, and it appears from the record that Little was arrested on that capias on December 2, 2021. A recognizance of the accused in the amount of $20,000 was filed on December 10, 2021. Bond was later revoked on January 26, 2022.

{¶6} On March 17, 2022, the Portage County Grand Jury issued a second indictment in Case No 2022 CR 00323 C charging Little on three counts : aggravated trafficking in drugs, a felony of the second degree, in violation of R.C. 2925.03; aggravated trafficking in drugs, a felony of the fourth degree, in violation of R.C. 2925.03; aggravated

Case Nos. 2025-P-0038, 2025-P-0039

trafficking in drugs, a felony of the third degree, in violation of R.C. 2925.03.[1] On March 29, 2022, Little pleaded not guilty at arraignment and a personal recognizance bond was set at $20,000. On the Order of Commitment, it stated: "[d]on't release; being held on 21CR659."

{¶7}   On May 26, 2022, the State of Ohio ("State") filed a motion for joinder of the offenses in Case Nos. 2021 CR 00659 and 2022 CR 00323 C. Little opposed the motion. The trial court granted the motion for joinder on June 10, 2022.

{¶8}   On November 1, 2022, Little filed a motion to review bond. The court declined to modify Little's bond on December 22, 2022.

{¶9}   A jury trial commenced on January 11, 2023. At the outset of the trial, the State placed the following amendments to the offenses charged, which were also renumbered for purposes of trial: In Case No. 2022 CR 00323 C, the charges were aggravated trafficking in drugs, a felony of the third degree, in violation of R.C. 2925.03 ("Count 1"); aggravated trafficking in drugs, a felony of the fourth degree, in violation of R.C. 2925.03 ("Count 2"); and aggravated trafficking in drugs, a felony of the fourth degree, in violation of R.C. 2925.03 ("Count 3"). In Case No. 2021 CR 00659, the State proceeded on the aggravated possession of drugs, a felony of the second degree, in violation of R.C. 2925.11 ("Count 4"). The remaining charge in Case No. 2021 CR 00659 was dismissed at trial on the State's motion.

{¶10}  After trial, the jury convicted Little on all four counts.

{¶11}  On February 27, 2023, the trial court sentenced Little to an indefinite term of imprisonment of 3 to 4½  years on Count 4. Little was sentenced to 12 months on

---

1. On June 3, 2022, an amended indictment was returned charging Little with aggravated trafficking in drugs, a felony of the third degree, in violation of R.C. 2925.03.

Case Nos. 2025-P-0038, 2025-P-0039

Count 1. This sentence was ordered to run consecutively to the sentence imposed on Count 4. Little was also sentenced to 12 months on each of the remaining counts, Counts 2 and 3. Those sentences were ordered to be served concurrently to each other but consecutively to the 12-month sentence imposed on Count 1. In sum, Little was sentenced to an aggregate sentence of 5 to 6½ years.

{¶12} The trial court gave 408 days of jail-time credit for the time spent in the Portage County Jail during the pendency of the case. The judgment entry stated: "[t]his credit includes jail time up to the date of sentencing and does not include any subsequent time awaiting conveyance to the reception facility. That time is to be calculated by reception facility."

{¶13} On March 23, 2023, Little filed a direct appeal of his convictions in both underlying cases. The cases were consolidated for purposes of appeal. Little did not raise any claim regarding the calculation of jail-time credit in his consolidated appeal. This court affirmed the judgments of the Portage County Court of Common Pleas on November 13, 2023. *State v. Little*, 2023-Ohio-4098, ¶ 7 (11th Dist.).

{¶14} On May 22, 2025, over two years after Little filed his direct appeals, Little filed a motion for corrected jail-time credit. In his motion, Little alleged that "[t]he Ohio Department of Rehabilitation and Corrections [("ODRC")] gave Defendant credit for 0 days on case 2021CR0659. He actually served 429 days in the Portage County Jail. ODRC gave Defendant credit for 365 days on case 2022CR323C, he actually served 420 days in the Portage County Jail." The trial court denied the motions on May 22, 2025, and concluded:

> Upon review of the file and inquiry with the Ohio Department
> of Corrections' Bureau of Sentence Computation (BOSC), the

Case Nos. 2025-P-0038, 2025-P-0039

Court finds the calculation is correct and motion is hereby denied. Consecutive sentences bar the jail[-]time credit from being applied twice when it was served concurrently in the jail.

{¶15} Little timely appeals from these entries.

**The Appeal**

{¶16} Little raises a single assignment of error for review:

Appellant was denied his right to receive jail[-]time credit for time spent incarcerated prior to following trial and, as guaranteed by both the Ohio and United States Constitutions, and the equal protection clause when the Trial Court denied giving Appellant credit for the 429 days that he had served in the Portage County Jail in 2021 CR 0659, and the 420 days of credit that he had served on case 2022 CR 323C.

{¶17}  R.C. 2929.19(B)(2)(g)(iii) states in pertinent part:

The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination [of jail-time credit] under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion.

{¶18} A trial court's denial of a motion to correct jail-time credit is reviewed under an abuse-of-discretion standard. *State v. Dorazio,* 2023-Ohio-3126, ¶ 12 (11th Dist.) citing *State v. McClafferty*, 2020-Ohio-3238, ¶ 32 (11th Dist.); *accord State v. Dammons*, 2022-Ohio-2387, ¶ 6 (11th Dist.). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting Black's Law Dictionary (8th Ed.2004); *State v. Raia*, 2014-Ohio-2707, ¶ 9 (11th Dist.).

{¶19} Little seeks additional jail-time credit for the time he served in the Portage County Jail. Specifically, Little contends that "under a plain reading of O.R.C. 2967.191,

Case Nos. 2025-P-0038, 2025-P-0039

[Little] should have been given his full jail[-]time credit for the time spent incarcerated of 429 days that he had served in . . . 2021 CR 0659, and the 420 days of credit that he had served on . . . 2022 CR 323C."

{¶20}   Jail-time credit is applied differently depending on whether the defendant received a concurrent or consecutive sentences. *State v. Chambers*, 2023-Ohio-4859, ¶ 21 (11th Dist.); *State v. Steinmetz*, 2020-Ohio-1145, ¶ 11 (2d Dist.)."When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence." *State v. Fugate*, 2008-Ohio-856, ¶ 22.

{¶21}   In the instant case, Little was sentenced to consecutive prison terms. Little was sentenced to an indefinite term of imprisonment of 3 to 4½ years in Case. No. 2021 CR 00659 and received 12 months on each of the three counts in 2022 CR 00323 C. While two of the three counts in 2022 CR 00323 C were ordered to be served concurrently to each other, the trial court ordered that one of the 12-month terms would be served consecutively to the other 12-month terms and consecutively to the indefinite term imposed in 2021 CR 00659. Because Little received a consecutive sentence, any jail-time credit accrued would be applied to only one of the imposed prison terms.

{¶22}   Further, the sentences ordered to be served consecutively consist of an indefinite prison term and a definite prison term. Thus, the definite prison terms imposed in Case No. 2022 CR 00323 C must be served prior to the indefinite sentence imposed in Case No. 2021 CR 00659. R.C. 2929.14(C)(10). Therefore, the accrued jail-time credit would be applied only once, beginning with the terms imposed in Case No. 2022 CR 00323 C.

Case Nos. 2025-P-0038, 2025-P-0039

{¶23} Here, the trial court awarded 408 days of jail-time credit which included "jail time up to the date of sentencing and does not include any subsequent time awaiting conveyance to the reception facility." A review of the record demonstrates that Little was indicted in Case No. 2021 CR 00659 on July 15, 2021. Little was arrested on July 16, 2021, processed by the jail, and released on bond the same day.

{¶24} A capias was subsequently issued on November 30, 2021. It appears from the record that Little was arrested on that capias on December 2, 2021. A recognizance of the accused in the amount of $20,000 was filed on December 10, 2021. Little accrued nine days of jail-time credit during this time for a total of nine days of credit.

{¶25} Bond was again revoked on January 25, 2022. It appears Little remained in custody from January 25, 2022, until the date of sentencing on February 27, 2023. Little accrued 399 days of jail-time credit during this period. Thus, Little was entitled to a total of 408 days credit, which is what the trial court awarded in its sentencing entries. Because Little received consecutive sentences, the 408 days of accrued jail-time credit will be applied once to the aggregate jail term of 5 to 61/2 years. Any days accrued after the date of sentencing, shall be calculated by the ODRC.

{¶26} R.C. 2967.191(A) provides in relevant part:

> The department of rehabilitation and correction shall reduce the prison term of a prisoner . . . by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term. . . .

Case Nos. 2025-P-0038, 2025-P-0039

{¶27} Indeed, "a trial court's jurisdiction to grant jail-time credit is limited to the days the offender served leading up to sentencing as well as the day of the sentencing hearing." *State v. Heidelburg*, 2023-Ohio-3408, ¶ 8 (6th Dist.), citing R.C. 2929.19(B)(2)(g)(i). "After the date of sentencing, the ODRC takes over, and the ODRC is statutorily required to give jail-time credit to an offender for, among other things, 'confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.'" *Id.*, quoting R.C. 2967.191(A). Therefore, any additional jail-time credit after the date of sentencing and while awaiting conveyance to the prison is independently calculated by the ODRC. *Id.*

{¶28} Upon review of the record, we conclude that the trial court's calculation of jail-time credit was correct and Little was not entitled to any additional jail-time credit. The trial court properly excluded the conveyance time in its calculation. *See Heidelburg* at ¶ 9. Thus, the court below did not abuse its discretion when it denied Little's motions to correct jail-time credit. Accordingly, Little's single assignment of error is without merit.

## Conclusion

{¶29} For the reasons set forth above, the judgments of the Portage County Court of Common Pleas are affirmed.


MATT LYNCH, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case Nos. 2025-P-0038, 2025-P-0039

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit. It is the judgment and order of this court that the judgments of the Portage County Court of Common Pleas are affirmed.

Costs to be taxed against appellant.

_____
JUDGE ROBERT J. PATTON

_____
PRESIDING JUDGE MATT LYNCH,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case Nos. 2025-P-0038, 2025-P-0039